UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASUNCION LOPEZ,

          NO. CIV. S-05-1690 LKK/DAD

    Plaintiff,

  v.

          O R D E R

THE CITY OF CHICO; SHERWIN WILLIAMS, INC.; DOES 1 through 100, inclusive,

    Defendants.

_____/

    Pending on the February 5, 2007 law and motion calendar are two motions for summary judgment filed by the two named defendants: The Sherwin-Williams Company ("Sherwin-Williams") and the City of Chico. The court resolves the matter based on the papers and without oral argument.

    Plaintiff, Asuncion Lopez, initially filed suit in Superior Court in Butte County, California on June 28, 2005. Plaintiff alleged that defendants Sherwin-Williams and the City of Chico violated both federal and state law. Specifically, plaintiff alleged the following claims: violations of 42 U.S.C. § 1983 and

1

the California Unruh Act, negligence, battery, and intentional infliction of emotional distress. On August 19, 2005, the case was removed to this court. The removal was premised on jurisdiction being proper under 42 U.S.C. § 1983.

On November 30, 2006 defendant Sherwin Williams filed the pending motion for summary judgment. The City of Chico filed its pending motion for summary judgment on December 28, 2006.[1]

Plaintiff filed oppositions to both motions for summary judgment on January 16, 2007. In her opposition to the City of Chico's motion, plaintiff concedes that she "has not supported [her] claim under 42 U.S.C. § 1983 against the City." Pl.'s Opp'n to City of Chico Mot. for Summ. J. at 9:5-6. Given that plaintiff concedes that there is no possibility of liability under § 1983, this court no longer has original jurisdiction and must determine whether to exercise supplemental jurisdiction over the remaining state law claims.

Pursuant to 28 U.S.C. § 1367 (c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). It is well established that the exercise of pendent jurisdiction to hear state law claims is within the discretion of the federal district court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Several factors are considered in determining whether the

---

[1] There has been no other law and motion practice in this case.

2

court should exercise jurisdiction over the state law claims. These factors include economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992)(citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 353(1988)). "In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ., 484 U.S. at 350 n. 7.

In the case at bar, the Carnegie-Mellon factors weigh in favor of remand.  This case was originally filed in state court, only state law claims remain, no significant law and motion practice has occurred and the case has yet to proceed to trial.  Moreover, the pending motions for summary judgment can easily be filed in state court.  Taking into account judicial economy, convenience, fairness, and comity, the court declines to exercise jurisdiction over the remaining state law claims. Accordingly, the court orders as follows:

    1.    The above-captioned case is REMANDED to the Superior Court of the State of California in and for the County of Butte.

    2.    The pending motions for summary judgment are DENIED as

////

////

////

3

```
1          moot.  The hearing set for February 5, 2007 is also
2             VACATED.
3    IT IS SO ORDERED.
4    DATED:  January 18, 2007.
```

                                    /s/ Lawrence K. Karlton
                                    _____
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

4